UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
MARTRADE SHIPPING & TRANSPORT GmbH :

    Plaintiff, :

  - Against - : Index No.:
                                         08 CV 1304 (   )

SASCO GmbH, :

    Defendants. :
------------------------------------X

## *MEMORANDUM OF LAW IN SUPPORT OF ATTACHMENT PURSUANT TO RULE B OF THE FEDERAL RULES OF CIVIL PROCEDURE*

                                          **HILL RIVKINS & HAYDEN LLP**
                                          Attorneys for Plaintiff
                                          45 Broadway, Suite 1500
                                          New York, New York 10006
                                          (212) 669-0600

OF COUNSEL:
**MICHAEL D. WILSON (MW5633)**

**PRELIMINARY STATEMENT**

Plaintiff Martrade Shipping & Transport GmbH ("Martrade") submits this memorandum of law in support of its application for a writ of maritime attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. As set forth herein, defendant SASCO GmbH ("SASCO") cannot be found "within this district" as that phrase has been interpreted and, therefore, plaintiff respectfully submits that it is entitled to a writ of attachment under Rule B against SASCO in the amount of $149,552.00.

**FACTS**

Plaintiff Martrade is a vessel owner which chartered the vessel CAPT. GEORGE TSANGARIS to SASCO in November of 2005. During the course of the charter a dispute arose concerning a claim by Martrade for damages for detention (lost time) of the vessel at Odessa, Russia occasioned by repairs necessitated by vessel damage caused by loading stevedores. (See September 14, 2007 First Final Arbitration Award, Verified Complaint, Exhibit 1). Thereafter, Martrade commenced arbitration in London pursuant to the charter party. (See September 14, 2007 First Final Arbitration Award, Verified Complaint, Ex. 1, ¶2).

Notice of appointment of arbitrator David Farrington was given by Martrade through its London solicitors on April 19,

1

2006. (See September 14, 2007 Arbitration Award, Verified Complaint Ex. 2 ¶2). Despite notice of said appointment, defendant failed to appoint an arbitrator. On December 6, 2006 arbitrator David Farrington accepted appointment as Sole Arbitrator pursuant to section 17(c) of the English Arbitration Act. (September 14, 2007 First Final Arbitration Award, Verified Complaint, Ex. 1, ¶2).

Following written submissions by both plaintiff and defendant and after due consideration, the Sole Arbitrator issued a First Final Award dated September 14, 2007 in favor of plaintiff Martrade in the principal amount of $88,802.08, plus interest on the principal amount at a rate of 8.25% compounded quarterly from December 31, 2005 until payment, presently totaling in excess of $15,570.00, plus costs, which are estimated to exceed $45,000.00. The total sum is today calculated at $149,552.00. (See September 14, 2007 First Final Award, Verified Complaint, Ex. 1).

## ARGUMENT

### SASCO CANNOT BE FOUND "WITHIN THE DISTRICT" AND, THEREFORE, MARTRADE IS ENTITLED TO A WRIT OF MARITIME ATTACHMENT PURUSANT TO RULE B(1) OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE

Maritime attachment is a centuries-old remedy that "antedates both the congressional grant of admiralty jurisdiction to the federal district courts and the promulgation

of the first Supreme Court Admiralty Rules in 1844." *Yayasan Sabah Dua Shipping Sdn Bhd v. Scandinavian Liquid Carriers Ltd.*, 335 F.Supp.2d 441, 444 (S.D.N.Y. 2004) *citing Aurora Maritime Co. v. Abdullah Mohamed Fehem & Co.*, 85 F.3d 44, 47 (2d Cir. 1996). The present Rule B, promulgated under the Rules Enabling Act, 28 U.S.C. 2071-77, is "simply an extension of the ancient practice of maritime attachment" and federal law governs questions as to validity of maritime attachments under this Rule. *Id.* at 48; *Reibor Int'l Ltd. v. Cargo Carriers (KACZ-CO.) Ltd.*, 759 F.2d 262 (2d Cir. 1985).

Rule B(1) provides:

> **(1) When available; Complaint, Affidavit, Judicial Authorization, and Process.** In an in personam action:
>
> (a) If a defendant is not found within the district, a verified complaint may contain a prayer for process to attach the defendant's tangible and intangible personal property- up to the amount sued for-in the hands of garnishees named in the process.
>
> (b) The plaintiff or plaintiff's attorney must sign and file with the complaint an affidavit stating that to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.
> . . .
>
> Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Simply, Rule B allows an admiralty plaintiff to include in a verified complaint a request for an *ex parte* order of attachment against the defendant's tangible and intangible assets in the hands of a garnishee up to the amount sued for. *Yayasan*, 335 F.Supp.2d at 445. While one purpose behind this judicially created rule is to obtain quasi in rem jurisdiction over the defendant, it is also well recognized that Rule B may be used solely to obtain security. *Parkroad Corp. v. China Worldwide Shipping Co. Ltd.*, 2005 WL 1354034 (S.D.N.Y. 2005); *Seatrans Shipping Corp. v. Interamericas Marine Transport Ltd.*, 1997 WL 689461 (S.D.N.Y. 1997); *Staronset Shipping Ltd. v. North Star Navigation, Inc.*, 659 F.Supp.189, 190 (S.D.N.Y. 1987). Indeed, plaintiff's motive is seeking the attachment is irrelevant and Rule B has been used to obtain security for a pending London arbitration and court proceedings. *Parkroad*, 2005 WL at *2 citing *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 371 (2d Cir. 1995) (plaintiff's motive in seeking the attachment is irrelevant); *HBC Hamburg Bulk Carriers GmbH & Co. KG v. Proteinas y Oleicos S.A. de C.V.*, 2005 WL 1036127 (S.D.N.Y. 2005) (attachment sought after commencement of London arbitration); *Noble Shipping, Inc. v. Euro-Maritime Chartering Ltd.*, 2003 WL 23021974 (S.D.N.Y. 2003) (same).

The Second Circuit recently set forth the initial burden which plaintiff must meet in order to obtain a Rule B Attachment. In *Aqua Stoli Shipping Ltd. v. Gardner Smith Ltd.*, 460 F.3d 434 (2d Cir. 2006) the Second Circuit held:

> …in addition to having to meet the filing and service requirements of Rules B and E an attachment should issue if the plaintiff shows that 1) it has a valid *prima face* admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law for the attachment.
> *Aqua Stoli*, 460 F.3d at 445.

In the present case, there is no questions that plaintiff has a valid admiralty claim against the defendant. It has long been established that suits related to breaches of charter parties are maritime claims well within the Court's admiralty jurisdiction. *Fednav Ltd. V. Isorgmar S.A.*, 925 F.2d 599, 601 (2d Cir. 1991).

In addition, it is clear that SASCO cannot be found within the district. The phrase "not found within the district" denotes two types of absences. First, the defendant must lack sufficient contacts with the forum to render it subject to personal jurisdiction and, second, the defendant must not be amenable to service of process. *Yayasan*, 335 F.Supp.2d at 445. A plaintiff must make a *bona fide* effort to locate the defendant,

5

although an "exhaustive search" is not required. *Royal Swan Navigation v. Global Containers*, 868 F.Supp. 599 (S.D.N.Y. 1994).

In the present case, counsel for plaintiff conducted a *bona fide* search to determine whether SASCO could be found within the district. A search was conducted of the New York Department of State, Division of Corporations, via the official Department of State website at http://www.dos.state.ny.us. The search result indicated that SASCO is not licensed, authorized or registered to do business in the State of New York as either a domestic or foreign corporation. See Affirmation of Michael D. Wilson dated February 8, 2008 (hereinafter "Wilson Aff. ¶"). In addition, counsel consulted with Directory Assistance for New York on February 7, 2008, for area codes (212), (718), (914), (646), and toll-free listings and no listing for SASCO was located. *Id.* at ¶5. Likewise, a search of the Yellow Pages telephone directory database found no listing in that database for any office or agent of SASCO in the State of New York.

Furthermore, plaintiff has alleged that defendant's property will be within the district. Plaintiff understands that defendant conducts its US dollar transaction through a number of banks located in New York City. It is well settled in this Circuit that electronic fund transfers initiated or

received by the defendant are considered property of the defendant within the meaning of Rule B. *Aqua Stoli Shipping Ltd. v. Gardner Smith Ltd.*, 460 F.3d 434 (2d Cir. 2006); *Winter Storm Shipping Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002).

Finally, plaintiff submits there is no statutory or maritime law bar to its attachment.

In view of the foregoing, it is clear that SASCO could not be subject to personal jurisdiction, nor does it have an agent able to accept service of process. Accordingly, plaintiff submits that SASCO cannot be found within the district and, as a result, Martrade is entitled to a Writ of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in the amount of $149,552.00.

## CONCLUSION

For the reasons set forth herein, Martrade respectfully submits that defendant SASCO, cannot be found within the Southern District of New York and, therefore, Martrade is entitled to a Writ of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain

Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

Dated:   New York, New York
         February 8, 2008

>                HILL RIVKINS & HAYDEN LLP
>                Attorneys for Plaintiff
>
>                _____
>                Michael D. Wilson (MW5633)
>                45 Broadway
>                New York, New York 10006
>                (212) 669-0600