UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTRADE SHIPPING & TRANSPORT, GmbH

        Plaintiff,

vs.

SASCO GmbH,

        Defendant.

Index No.: 08 CV 1304(GBD)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT BY DEFAULT

Michael D. Wilson
Christopher M. Panagos
HILL RIVKINS & HAYDEN LLP
*Attorneys for Plaintiff*
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699

# TABLE OF CONTENTS

| | Page No. |
|---|---|
| TABLE OF AUTHORITIES………………………………… | ii |
| FACTS………………………………………………………… | 1 |
| PROCEDURAL HISTORY…………………………………… | 2 |
| ARGUMENT…………………………………………………… | 3 |
| **POINT I** <br> THIS COURT HAS JURISDICTION PURSUANT TO THE CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS (NEW YORK CONVENTION) AND FED. R. CIV. P. SUPP. ADMIRALTY & MARITIME RULE B…………………… | 3 |
| **POINT II** <br> DEFENDANT HAS BEEN PROPERLY SERVED, HAS RECEIVED DUE NOTICE OF ALL PROCEEDINGS AND IS IN DEFAULT………………………………………….. | 7 |
| **POINT III** <br> PLAINTIFF HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS IN ORDER TO ENFORCE THE ARBITRATION AWARD…………………………………… | 9 |
| CONCLUSION………………………………………………… | 10 |

# **TABLE OF AUTHORITIES**

**Cases**                                                                                      **Page No.**

*Bergesen v. Joseph Muller Corp.*,
710 F.2d 928 (2d Cir. 1983)................................................................  4, 5, 9

*East Asiatic Co. v. Indomar, Ltd.*,
422 F.Supp. 1335 (S.D.N.Y.1976)......................................................  6, 7

*Energy Transport, Ltd. v. M.V. San Sebastian*,
348 F.Supp.2d 186 (S.D.N.Y. 2004)...................................................  5

*Engineering Equipment Co. v. S.S. Selene*,
446 F.Supp. 706 (S.D.N.Y. 1978).......................................................  6

*Maryland Tuna Corp. v. MS Benares*,
429 F.2d 307 (2d Cir. 1970).................................................................  7

*Matter of Arbitration between Continental Grain Co.
and Foremost Farms Inc.*,
No. 97 Civ. 0848, 1998 WL 132805 (S.D.N.Y. 1998)..................  9

*North East Shipping Corp. v. Gov't of Pakistan*,
1974 AMC 904 (S.D.N.Y. 1974).........................................................  5

*Ocean Warehousing B.V. v. Baron Metals and Alloys, Inc.*,
157 F.Supp.2d 245 (S.D.N.Y. 2001)....................................................  4

*Spector v. Torenberg*,
852 F.Supp. 201 (S.D.N.Y. 1994)........................................................  4

*Vamvaship Maritime Ltd. v. Shivnath Rai Harnarain (India) Ltd.*,
2006 WL 1030227, 2006 A.M.C. 1169 (S.D.N.Y. 2006)...............  9

*Victory Transport Inc. v. Comisaria General*,
336 F.2d 354 (2d Cir. 1964)................................................................  5

**Statutes, Rules, Regulations**

Fed. R. Civ. P. Supplemental Admiralty and Maritime Rule B.........  passim

New York Convention on the Recognition and Enforcement
of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 38........  3

9 U.S.C. §8, 203, 204, 208.....................................................................  passim

28 U.S.C. §1333……………………………………………….     3, 4

Case 1:08-cv-01304-GBD   Document 15   Filed 06/27/2008   Page 4 of 14

## FACTS

Plaintiff and Defendant entered into a Charter Party contract on the Gencon 1994 form, dated November 25, 2005, for the use of the M/V Capt. George Tsangaris ("the Vessel"). True and correct copies of the fixture recap and standard charter party form are found at Exhibits 1-2 to the Certification of Richard Verney, London counsel for Martrade, dated June 24, 2008. Box 25 and Clause 19(a) of the charter party provide for English law and arbitration of any disputes under the charter party in London. (*See* Verney Cert. Exs. 1-2). Pursuant to the charter, the vessel was to load a cargo of steel billet in Odessa, Ukraine to be transported to Karachi, Pakistan. During loading in Odessa, stevedores acting as Sasco's agents responsible for loading and stowing the cargo caused physical damage to the vessel. (*See* Arbitration Award, Verney Cert. Ex. 4). As a result, it was necessary for the vessel to remain in Odessa while the damage was repaired. As a further result, Martrade incurred detention damages when the ship was temporarily taken out of useful service and delayed in order to effect repairs. (*Id.*). On April 19, 2006 Martrade gave notice of arbitration to the defendant, and on May 2, 2006, appointed Mr. David Farrington as an arbitrator. (*Id.*). As set forth in the arbitration award, Defendant participated in the arbitration proceedings and made "written submissions in which they denied liability." (*Id.* at ¶¶ 2-3). Martrade prevailed against Sasco in the arbitration, and the arbitrator's award granted Plaintiff $88,802.08 and 8.25% interest compounded quarterly thereon from December 31, 2005, as damages against Defendant. The award also granted Plaintiff's costs in the arbitration in the amount of £2,100.00 with 8.75% interest compounded quarterly. (See Arbitration Award, Verney Cert. Ex. 4).

1

## **PROCEDURAL HISTORY**

This matter was commenced on February 8, 2008 with the filing of the Summons and Verified Complaint pursuant to Fed. R. Civ. P. Supplemental Admiralty and Maritime Rule B and in aid of enforcing the London arbitral award in favor of Plaintiff and against Defendant. Pursuant to Plaintiff's petition which set forth facts indicating that Defendant could not be "found within the district," a writ in the form of Process of Maritime Attachment and Garnishment was issued by the Court on February 11, 2008, ordering attachment of Defendant's property in the hands of garnishees up to the amount of $149,552.00 less GB £2,100. (Docket Entry 6).

On February 14, 2008, Garnishee BNP Paribas, having been duly served with the Process of Maritime Attachment and Garnishment restrained an Electronic Fund Transfer ("EFT") bearing funds on account of the Defendant in the amount of $15,000.00. (February 21, 2008 email from BNP Paribas, Declaration of Christopher M. Panagos, dated June 27, 2008, Ex. 2).

On Febuary 26, 2008, Plaintiff's attorneys sent notice of this attachment to the Defendant via FedEx courier and email, pursuant to S.D.N.Y. Local Admiralty Rule B.2, along with copies of the Summons and Complaint, Order Directing Clerk to Issue Process, and Process of Maritime Attachment and Garnishment. (Panagos Decl., Exs. 3-4). The Defendant was also served with the Summons and Complaint via the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents, pursuant to Fed. R. Civ. P. 4(f)(1) on April 11, 2008. (*See* Return of Service, Docket Entry 10).

Since the relevant time for the Defendant to answer or otherwise defend this action

expired, the Defendant is now in Default. The Clerk issued a Certificate of Entry of Default (Panagos Decl., Ex. 5) on May 6, 2008, following submission of the Attorney Affidavit pursuant to Local Rule 52.1 (Panagos Decl., Ex. 6) which set forth the circumstances of service of process and demonstrated the default of Defendant.

## ARGUMENT

### POINT I

### THIS COURT HAS JURISDICTION PURSUANT TO THE CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS (NEW YORK CONVENTION) AND FED. R. CIV. P. SUPP. ADMIRALTY & MARITIME RULE B

Plaintiff's claims against Defendant and the London arbitration award affirming said claims are enforceable in this Court under two procedural mechanisms: (1) Federal Rule of Civil Procedure Supplemental Admiralty and Maritime Rule B and 28 U.S.C. §1333 (original jurisdiction over admiralty and maritime claims), and (2) the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention" or "Convention"), 21 U.S.T. 2517, 330 U.N.T.S. 38, reprinted at 9 U.S.C. § 201 note.

A.  **Subject Matter Jurisdiction**

The Convention provides subject matter jurisdiction to this Court, pursuant to 28 U.S.C. § 1331 ("original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"), and 9 U.S.C. § 203 ("[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of

the United States…shall have original jurisdiction over such an action or proceeding regardless of the amount in controversy").

Article I of the Convention provides: "This Convention shall apply to the recognition and enforcement of arbitral awards made in the territory of a State other than the State where the recognition and enforcement of such awards are sought…It shall also apply to arbitral awards not considered domestic awards in the State where the recognition and enforcement are sought." The United States entered the following reservation, among others, upon ratification: "The United States of America will apply the Convention, on the basis of reciprocity, to the recognition and enforcement of only those awards made in the territory of another Contracting State."

The arbitration award was issued in London, England, and the UK is a Contracting State—therefore the Award is entitled to enforcement under the reciprocity provision of the U.S. reservation to the Convention. In addition, the award is further enforceable under the Convention because, since the award was issued outside the United States between non-U.S. parties, it is not consider as "domestic." *Ocean Warehousing B.V. v. Baron Metals and Alloys, Inc.*, 157 F.Supp.2d 245, 251 (S.D.N.Y. 2001); *see also*, *Spector v. Torenberg*, 852 F.Supp. 201, 205 (S.D.N.Y. 1994) ("An arbitral award may be enforced under [the Convention] if it was "pronounced in accordance with foreign law or involve[es] parties domiciled or having their principal place of business outside the enforcing jurisdiction") (quoting *Bergesen v. Joseph Muller Corp.*, 710 F.2d 928, 932 (2d Cir. 1983)).

In addition to this Court having subject matter jurisdiction under the Convention, Plaintiff's underlying claims against Defendant arise from a classic maritime dispute under a charter party and fall within this court's admiralty jurisdiction pursuant to 28 U.S.C. §1333. See

4

*North East Shipping Corp. v. Gov't of Pakistan*, 1974 AMC 904 (S.D.N.Y. 1974) ("a charter party is a maritime contract…[a]nd disputes arising from a charter party are within the admiralty jurisdiction of United States courts") (citing *Victory Transport Inc. v. Comisaria General*, 336 F.2d 354, 364 (2d Cir. 1964), *cert. denied*, 381 U.S. 934 (1965)).

B. **Venue**

Venue is proper in the Southern District of New York according to the implementing statute of the New York Convention, 9 U.S.C. § 204, which provides: "an action or proceeding over which the district courts have jurisdiction pursuant to section 203 of this title may be brought in any such court which save for the arbitration agreement an action or proceeding with respect to the controversy between the parties could have been brought…"

The provisions of the Federal Arbitration Act, including § 8 which preserves a maritime claimant's right to proceed with arrest, attachment and/or garnishment under Rules B and C, to the extent not in conflict, are also applicable to the enforcement of issued arbitration awards falling under the Convention as stated in 9 U.S.C. § 208: "Chapter 1 applies to actions and proceedings brought under this chapter to the extent that chapter is not in conflict with this chapter or the Convention as ratified by the United States." *See, Bergesen v. Joseph Muller Corp.*, 710 F.2d 928 (2d Cir. 1983) ("There is no reason to assume that Congress did not intend to provide overlapping coverage between the Convention and the Federal Arbitration Act"); *see also, Energy Transport, Ltd. v. M.V. San Sebastian*, 348 F.Supp.2d 186, 200 (S.D.N.Y. 2004) (discussing New York Convention and Inter-American Convention).

The pertinent provision of the Federal Arbitration Act provides: "If the basis of

jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings…" 9 U.S.C. § 8 ("Federal Arbitration Act").

Since Defendant's property was located in the hands of a garnishee in New York and was duly attached pursuant to process issued under Rule B and pursuant to Plaintiff's Verified Complaint, and Defendant was not "present" in New York for purposes of defeating attachment under Rule B, venue is proper in this Court.

C.  **Personal Jurisdiction**

Fed. R. Civ. P. Supplemental Admiralty and Maritime Rule B provides that: "If a defendant is not found within the district a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property – up to the amount sued for – in the hands of garnishees named in the process." The attachment of Defendant's funds within the district provides jurisdiction for the District Court to enter judgment against the Defendant in the amount demanded in the verified complaint and up to the value of attached funds. *Engineering Equipment Co. v. S.S. Selene*, 446 F.Supp. 706, 709 (S.D.N.Y. 1978). There is some debate in precedent cases as to whether this is quasi in rem jurisdiction or limited in personam jurisdiction. *Engineering Equipment Co. v. S.S. Selene*, 446 F.Supp. 706, 709 n. 9 (S.D.N.Y. 1978) ("Although the jurisdiction achieved through maritime attachment is sometimes denominated in personam, there is no doubt that any judgment rendered is quasi in rem in nature and is limited to the value of the attached property [*East Asiatic Co. v. Indomar, Ltd.*, 422 F.Supp. 1335, 1341

6

(S.D.N.Y.1976)] We, therefore, prefer the term quasi in rem to describe the jurisdiction plaintiffs seek to effect"); *Cf. Maryland Tuna Corp. v. MS Benares*, 429 F.2d 307, 311 (2d Cir. 1970)"). Regardless of the denomination, it is clear that the court may enter judgment against defendant up to the amount attached. *Id.* at 709.

This Court therefore has jurisdiction to enter judgment against the Defendant Sasco GmbH up to $15,000.00, the amount presently under attachment.

### POINT II

### DEFENDANT HAS BEEN PROPERLY SERVED, HAS RECEIVED DUE NOTICE OF ALL PROCEEDINGS AND IS IN DEFAULT

Rule B(2) provides: "Notice to Defendant. No Default shall be entered except upon proof- which may be by affidavit- that: (a) the complaint, summons and process of attachment or garnishment have been served on the defendant in a manner authorized by Rule 4; (b) the plaintiff or the garnishee mailed to the defendant the complaint, summons, and process of attachment or garnishment using any form of mail requiring a return receipt; or (c) the plaintiff or the garnishee tried diligently to give notice of the action to the defendant but could not do so." S.D.N.Y. Local Admiralty Rule B(2) provides: "In an action where any property of a defendant is attached, the plaintiff shall give prompt notice to the defendant of the attachment. Such notice shall be in writing, and may be given by telex, telegram, cable, fax or other verifiable electronic means.

Rule B(3)(b) provides that "The defendant shall serve an answer within 30 days after process has been executed, whether by attachment of property or service on the garnishee."

7

As set forth above, an EFT was attached in the hands of garnishee BNP Paribas on February 14, 2008 when the bank was served with the Summons and Complaint, and Process of Maritime Attachment and Garnishment with accompanying Order of the Court. (Panagos Decl., Ex. 2). In accordance with Local Admiralty Rule B.2, notice of the attachment was sent to the Defendant via FedEx courier and email on February 26, 2008, along with copies of the Summons and Complaint, Order Directing Clerk to Issue Process, and Process of Maritime Attachment and Garnishment. (Panagos Decl. Ex. 3-4).

In addition to the foregoing, Plaintiff arranged for the Receiving Authority in Hamburg, Germany to serve the Summons and Complaint, Process of Maritime Attachment and Garnishment and Order Directing Clerk to Issue Process pursuant to Fed. R. Civ. P. 4(f)(1) and the Hague Convention for Service Abroad of Judicial and Extrajudicial Documents. Service was completed on April 11, 2008. (*See* Proof of Service, Docket Entry 10). The relevant time to answer following Hague service expired without the Defendant submitting its answer. Defendant is therefore in default pursuant to Rule 4 and Rule B.

The Clerk issued a Certificate of Entry of Default (Panagos Decl. Ex. 5) on May 6, 2008, following submission of the Attorney Affidavit pursuant to Local Rule 52.1 which set forth the circumstances of service of process and the default of Defendant (Panagos Decl. Ex. 6).

Plaintiff submits that the Defendant is in default, that default has been entered, and that Plaintiff is entitled to Judgment against Defendant in the amount of $15,000.00 representing the value of Defendant's property under attachment in this District.

## POINT III

## PLAINTIFF HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS IN ORDER TO ENFORCE THE ARBITRATION AWARD

The New York Convention, Article IV provides: "To obtain the recognition and enforcement mentioned in the preceding article, the party applying for recognition shall, at the time of the application, supply: (a) The duly authenticated original award or a duly certified copy thereof; (b) The original agreement referred to in article II or a duly certified copy thereof."

Copies of both the arbitration award and the charter party agreement under which the agreement to arbitrate is set forth are submitted in conjunction herewith as Exhibits 1-2 and 5 to the Certification of Richard Verney, London counsel for Plaintiff in the arbitration proceeding against Defendant, dated June 24, 2008, which certifies such copies. (Verney Cert. ¶¶ 2-3, 5). Plaintiff submits that the formal requirements of the Convention are met and respectfully requests that the Court grant recognition to and enforce the award. See *Bergesen*, 710 F.2d at 934 (enforcing award where award and arbitration agreement were both certified by member of arbitration panel); *Matter of Arbitration between Continental Grain Co. and Foremost Farms Inc.*, No. 97 Civ. 0848, 1998 WL 132805 (S.D.N.Y. 1998) (enforcing award where copy of award was certified by director of arbitration association and copy of arbitration agreement certified by petitioner's attorney as a true and correct copy); *Vamvaship Maritime Ltd. v. Shivnath Rai Harnarain (India) Ltd.*, 2006 WL 1030227, 2006 A.M.C. 1169 (S.D.N.Y. 2006) (enforcing award where copy of award and copy of the charter party containing the arbitration agreement were attached as exhibits to affidavit of plaintiff's attorney).

9

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court enter an Order:

(1)  Confirming the foreign arbitration award in favor of Plaintiff and against Defendant;

(2)  Granting Judgment in favor of Plaintiff and against Defendant in the amount of $15,000.00; and

(3)  Directing that Defendant's funds attached in the hands of garnishee BNP Paribas in the amount of $15,000.00 be turned over to Plaintiff in satisfaction of such Judgment and in partial satisfaction of Plaintiff's claims.

Dated: New York, New York
June 27, 2008

*[signature]*

Michael D. Wilson (MW-5633)
Christopher M. Panagos (CP-2199)
HILL RIVKINS & HAYDEN LLP
*Attorneys for Plaintiff*
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0699